UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROLLING STONE, LLC, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 1:23-cv-10741 |
| DEPARTMENT OF JUSTICE, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Rolling Stone, LLC brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq., as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Rolling Stone, LLC ("Rolling Stone") is a business headquartered in New York City. Rolling Stone publishes *Rolling Stone* magazine, one of the most well-known magazines in the United States. Rolling Stone is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Rolling Stone which are the subject of this action.

5. The Federal Bureau of Investigation ("FBI") is a DOJ component.

## CAUSE OF ACTION

## (CONSTRUCTIVE EXPEDITED PROCESSING DENIAL)

6. Rolling Stone repeats and realleges the allegations contained in all paragraphs set forth above.

7. On 29 November 2023, former United States Secretary of State Henry Kissinger died.

8. On 29 November 2023, Rolling Stone electronically submitted to FBI a FOIA request for "all FBI records about Henry Kissinger." Rolling Stone added that FBI may not limit the search to "main file records" or records located in the Central Records System ("CRS"). Rolling Stone further stated, "In addition to searching the CRS for cross-references, we specifically request all information about Kissinger located by a full-text search of Sentinel as well as all email records in the New York and Washington Field Offices which contain the word 'Kissinger.'"

9. Rolling Stone explained the need for this additional search, stating, "Given Kissinger's prominence and the fact that he continued to interact with the highest levels of the U.S. government until his death (see, e.g., the document bates-stamped 'FBI (19cv1278)-6667' which was an email chain between senior Trump campaign officials obtained during the Mueller Investigation), it is highly probable that records mentioning his name would be located in these

systems yet not included in the CRS because they would be unlikely to be 'of investigatory interest.'"

10. Rolling Stone requested expedited processing of this request and a public interest fee waiver, citing, *inter alia*, "an urgent need to inform the public about actual or alleged federal government activity, namely, the activities of FBI and other agencies in which Kissinger, an extremely polarizing figure in man circles, played a direct or indirect role, or even those activities, like the Mueller Investigation, where FBI was looking into his activities."

11. Rolling Stone added, "Kissinger's death and the opportunity it presents for obtaining these long-sought-after records are the very definition of a breaking news story which concerns a matter of current exigency to the public. Furthermore, the above reasons clearly demonstrate that this is a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

12. Rolling Stone demonstrated that there was an urgent need of a requester primarily engaged in disseminating information to inform the public about an actual or alleged Federal Government activity and that the subject of the request is of widespread and exceptional media interest and the information sought involves possible questions about the Government's integrity which affect public confidence.

13. As of this writing, FBI has not made a determination within ten days regarding Rolling Stone's request for expedited processing.

14. Rolling Stone has a legal right under FOIA to have its request processed as soon as practicable, and there is no legal basis for the denial by FBI of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rolling Stone, LLC prays that this Court:

(1) Order the Federal Bureau of Investigation to expeditiously process its request;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date:   December 10, 2023

                                              Respectfully submitted,

                                              /s/ Kelly B. McClanahan
                                              Kelly B. McClanahan, Esq.
                                              S.D.N.Y. Bar #KM1958
                                              National Security Counselors
                                              4702 Levada Terrace
                                              Rockville, MD 20853
                                              301-728-5908
                                              240-681-2189 fax
                                              Kel@NationalSecurityLaw.org

                                              *Counsel for Plaintiff*