# NATIONAL SECURITY COUNSELORS

4702 LEVADA TERRACE

ROCKVILLE, MD  20853
___

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in NY, DC)
        EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in IL, DC)
        EMAIL: BRAD@NATIONALSECURITYLAW.ORG

16 January 2024

Hon. Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States District Courthouse
500 Pearl Street
New York, NY  10007

Re:     *Rolling Stone, LLC v. DOJ*, Case No. 23-10741

Dear Judge Liman:

On behalf of Plaintiff Rolling Stone, LLC ("Rolling Stone"), I respectfully submit this letter motion under Federal Rule of Civil Procedure ("FRCP") 15(a) for leave to file its First Amended Complaint, attached as Ex. A, in this Freedom of Information Act ("FOIA") case. No attorney has entered an appearance for Defendant yet, and therefore I have not been able to meet and confer with anyone to ascertain Defendant's position on this Motion.

The grant or denial of leave lies in the sound discretion of the Court. *Hutchison v. Deutsche Bank Sec., Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). Under FRCP 15(a)(2), leave should be "freely granted." *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 256 (2d Cir. 2018). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Id.*

I am filing this Motion instead of simply filing the First Amended Complaint as a matter of course pursuant to FRCP 15(a)(1)(A) due to an accident of timing. Service was effected on Defendant on 22 December 2023. As a result, any amended complaint filed as a matter of course would have been due 13 January 2024. However, due to the Federal Bureau of Investigation's ("FBI") 11 December 2023 invocation of "unusual circumstances" (1st Am. Compl. ¶ 26), Rolling Stone would not have been legally able to add Counts 3 and 4 until *after* 13 January, since that invocation gave FBI an additional ten business days to issue a final determination. (*Id.* ¶¶ 26-27.) This extension would not normally have caused any complications, except for the fact that both Christmas Day and New Year's Day were now included in the allotted time for a response, which I neglected to consider when serving FBI. As a result, my plan to file the First

Amended Complaint as a matter of course one or two days after FBI's time to respond had expired became impossible, necessitating this Motion.

The First Amended Complaint simply adds three counts regarding FBI's denial of Rolling Stone's request to be classified as a representative of the news media (Count 2) and failure to issue a final determination within the required time frame regarding the request writ large (Count 3) and Rolling Stone's request for a public interest fee waiver (Count 4). Due to the differing amounts of time afforded to FBI to make determinations on a request for expedited processing and on all other issues (ten days versus twenty business days), Rolling Stone was only legally able to include a count regarding expedited processing in its initial Complaint, but it is now amending the Complaint to cover the other substantive issues in controversy with its FOIA request. In other words, this Motion only seeks to ensure that all issues regarding this one FOIA request can be addressed in the same case without unnecessary complications or delay.

Granting this Motion will not cause any delay in this litigation, undue or otherwise, and it cannot be said that FBI is prejudiced by amendments which are limited to other aspects of the same FOIA request process. Rolling Stone respectfully submits that there is no viable basis for denying this Motion.

Sincerely,

Kel McClanahan
Counsel for Rolling Stone