UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ROLLING STONE, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:23-cv-10741 (LJL) |
| | * | |
| DEPARTMENT OF JUSTICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## FIRST AMENDED COMPLAINT

Plaintiff Rolling Stone, LLC brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq., as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

### JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

### VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff Rolling Stone, LLC ("Rolling Stone") is a business headquartered in New York City. Rolling Stone publishes *Rolling Stone* magazine, one of the most well-known magazines in the United States. Rolling Stone is accordingly a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e) and is in possession and/or control of the records requested by Rolling Stone which are the subject of this action.

5.      The Federal Bureau of Investigation ("FBI") is a DOJ component.

## FIRST CAUSE OF ACTION

## (EXPEDITED PROCESSING DENIAL)

6.      Rolling Stone repeats and realleges the allegations contained in all paragraphs set forth above.

7.      On 29 November 2023, former United States Secretary of State Henry Kissinger died.

8.      On 29 November 2023, Rolling Stone's undersigned counsel electronically submitted to FBI a FOIA request on behalf of Rolling Stone, and in particular its reporter Adam Rawnsley, for "all FBI records about Henry Kissinger." Rolling Stone added that FBI may not limit the search to "main file records" or records located in the Central Records System ("CRS"). Rolling Stone further stated, "In addition to searching the CRS for cross-references, we specifically request all information about Kissinger located by a full-text search of Sentinel as well as all email records in the New York and Washington Field Offices which contain the word 'Kissinger.'"

9.      Rolling Stone explained the need for this additional search, stating, "Given Kissinger's prominence and the fact that he continued to interact with the highest levels of the U.S. government until his death (see, e.g., the document bates-stamped 'FBI (19cv1278)-6667' which was an email chain between senior Trump campaign officials obtained during the Mueller Investigation), it is highly probable that records mentioning his name would be located in these

systems yet not included in the CRS because they would be unlikely to be 'of investigatory interest.'"

10. Rolling Stone requested expedited processing of this request and a public interest fee waiver, citing, *inter alia*, "an urgent need to inform the public about actual or alleged federal government activity, namely, the activities of FBI and other agencies in which Kissinger, an extremely polarizing figure in man circles, played a direct or indirect role, or even those activities, like the Mueller Investigation, where FBI was looking into his activities."

11. Rolling Stone added, "Kissinger's death and the opportunity it presents for obtaining these long-sought-after records are the very definition of a breaking news story which concerns a matter of current exigency to the public. Furthermore, the above reasons clearly demonstrate that this is a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

12. Rolling Stone demonstrated that there was an urgent need of a requester primarily engaged in disseminating information to inform the public about an actual or alleged Federal Government activity and that the subject of the request is of widespread and exceptional media interest and the information sought involves possible questions about the Government's integrity which affect public confidence.

13. FBI had until 9 December 2023 to make a determination regarding Rolling Stone's request for expedited processing.

14. On 10 December 2023, having received no FBI determination regarding its request for expedited processing, Rolling Stone filed the Complaint in this action.

15. At 10:38 AM on 11 December 2023, Rolling Stone's undersigned counsel emailed FBI, "Please be advised that I have filed a complaint in the Southern District of NY

regarding the attached FOIA request due to FBI's failure to respond within 10 days to a request for expedited processing." Rolling Stone's undersigned counsel then identified the case and provided a hyperlink to the filed Complaint.

16. At 4:14 PM on 11 December 2023, FBI acknowledged receipt of this request and assigned it Request No. 1612772-000. FBI made no mention of Rolling Stone's request for expedited processing.

17. On 11 January 2024, FBI denied Rolling Stone's request for expedited processing. FBI provided no explanation for the denial beyond stating, "You have not provided enough information concerning the statutory requirements for expedition."

18. Because FOIA does not require an administrative appeal of an adverse determination regarding a request for expedited processing, Rolling Stone has exhausted its administrative remedies.

19. Rolling Stone has a legal right under FOIA to have its request processed as soon as practicable, and there is no legal basis for the denial by FBI of said right.

## SECOND CAUSE OF ACTION
## (NEWS MEDIA DENIAL)

20. Rolling Stone repeats and realleges the allegations contained in all paragraphs set forth above.

21. In its request, Rolling Stone identified itself as "a well-recognized representative of the news media primarily engaged in the dissemination of information," explaining that "*Rolling Stone* is one of the most widely read magazines in the United States, and Adam Rawnsley is a political and national security reporter with an extensive pedigree."

22. On 11 December 2023, FBI improperly classified Rolling Stone as "a general (all others) requester." FBI provided no explanation for the fee category determination.

23. Once FBI failed to respond to Rolling Stone's request for expedited processing within ten days, Rolling Stone was legally able to file this lawsuit as long as it did so before FBI issued a determination. Rolling Stone did so on 10 December 2023. Once Rolling Stone properly filed this lawsuit alleging improper constructive denial of a request for expedited processing, it is not required to file administrative appeals of other determinations regarding other issues. *See NAACP Legal Def. & Educ. Fund, Inc. v. HUD*, No. 07-3378, 2007 U.S. Dist. LEXIS 88027, at *15-25 (S.D.N.Y. Nov. 30, 2007). Accordingly, Rolling Stone has exhausted its administrative remedies.

24. Rolling Stone has a legal right under FOIA to be classified as a representative of the news media, and there is no legal basis for the denial by FBI of said right.

### THIRD CAUSE OF ACTION
### (CONSTRUCTIVE RECORDS DENIAL)

25. Rolling Stone repeats and realleges the allegations contained in all paragraphs set forth above.

26. On 11 December 2023, FBI informed Rolling Stone that it was invoking "unusual circumstances" to delay issuing a final determination regarding Rolling Stone's request by an additional ten business days.

27. FBI accordingly had until 13 January 2024 to issue a final determination regarding Rolling Stone's request.

28. As of this writing, FBI has not issued a final determination regarding Rolling Stone's request.

29. Rolling Stone has a legal right under FOIA to be classified as a representative of the news media, and there is no legal basis for the denial by FBI of said right.

## FOURTH CAUSE OF ACTION

## (CONSTRUCTIVE FEE WAIVER DENIAL)

30. Rolling Stone repeats and realleges the allegations contained in all paragraphs set forth above.

31. In its request, Rolling Stone further explained its entitlement to a public interest fee waiver, stating that the top story on *Rolling Stone*'s website was the obituary of Kissinger written by Spencer Ackerman and stating, "Rolling Stone clearly has the reach and the editorial skills to contribute significantly to public understanding of the operations or activities of the government, which would be undeniably implicated in records about one of the country's most well-known governmental figures and, more importantly, in FBI activities related to him. And it goes without saying that Rolling Stone has no commercial interest in these records."

32. On 11 December 2023, FBI informed Rolling Stone, "Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable."

33. FBI had until 13 January 2024 to issue a final determination regarding Rolling Stone's request for a public interest fee waiver.

34. As of this writing, FBI has not issued a final determination regarding Rolling Stone's request for a public interest fee waiver.

35. Rolling Stone has a legal right under FOIA to receive a public interest fee waiver, and there is no legal basis for the denial by FBI of said right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rolling Stone, LLC prays that this Court:

(1)    Order the Federal Bureau of Investigation to release all requested records to it;

(2)    Declare that Rolling Stone is a representative of the news media and that it is entitled to a public interest fee waiver, and accordingly order FBI to provide all responsive records at no charge;

(3)    Declare that Rolling Stone is entitled to expedited processing of its request and order FBI to process its request as soon as practicable;

(4)    Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(5)    Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(6)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(7)    Grant such other relief as the Court may deem just and proper.

Date:   January 16, 2024

>                            Respectfully submitted,
>
>                            /s/ Kelly B. McClanahan
>                            Kelly B. McClanahan, Esq.
>                            S.D.N.Y. Bar #KM1958
>                            National Security Counselors
>                            4702 Levada Terrace
>                            Rockville, MD 20853
>                            301-728-5908
>                            240-681-2189 fax
>                            Kel@NationalSecurityLaw.org
>
>                            *Counsel for Plaintiff*