DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for Defendants
By: DOMINIKA TARCZYNSKA
    DANIELLE J. MARRYSHOW
Assistant United States Attorney
86 Chambers St, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2748 / 2689
Email: dominika.tarczynska@usdoj.gov
       danielle.marryshow@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROLLING STONE, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>                    Defendant. | Civil Action No. 23-10741 (LJL) |

## ANSWER

Defendant, the Department of Justice ("DOJ"), by its attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answers Plaintiff's Complaint, ECF No. 1.  Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

## JURISDICTION[1]

1. The allegations of Paragraph 1 state a legal conclusion regarding jurisdiction, to which no response is required.

## VENUE

2. The allegations of Paragraph 2 state a legal conclusion about venue, to which no response is required.

## PARTIES

3. The allegations in the first sentence of Paragraph 3 consist of Plaintiff's characterizations of itself and Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations. The allegations of the second sentence of Paragraph 3 state a legal conclusion, to which no response is required.

4. Defendant admits that DOJ is a federal agency within the meaning of 5 U.S.C § 552(f)(1) and is subject to the requirements of the FOIA. As to the remaining allegations of this paragraph, Defendant avers that its search for records responsive to Plaintiff's FOIA request is ongoing and thus Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations.

5. Defendant admits that the Federal Bureau of Investigation ("FBI") is a component of the Department of Justice and is subject to the requirements of the FOIA.

## FIRST CAUSE OF ACTION
## (EXPEDITED PROCESSING DENIAL)

6. Defendant incorporates its responses to paragraphs 1-5 as if set fort fully herein.

7. Defendant admits the allegations of Paragraph 7.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

8. Defendant admits that Plaintiff submitted a FOIA request to the FBI dated November 29, 2023, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the November 29, 2023, FOIA request and denies the allegations to the extent they are inconsistent with the request.

9. The allegations in Paragraph 9 contain Plaintiff's characterizations of its own FOIA request and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

10. In response to the allegations of Paragraph 10, Defendant admits that Plaintiff requested expedited processing of the fee request. The remaining allegations of this paragraph contain Plaintiff's characterizations of its own FOIA request and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

11. The allegations in Paragraph 11 contain Plaintiff's characterizations of its own FOIA request and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

12. The allegations in Paragraph 12 contain Plaintiff's characterizations of its own FOIA request and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

13. The allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant further avers that the FBI's denial of Plaintiff's request for expedited processing was sent to Plaintiff on January 11, 2024.

14. The allegations in Paragraph 14 contain Plaintiff's characterization of their lawsuit to which no response is required. To the extent a response is required, Defendant admits that it denied Plaintiff's request for expedited processing on January 11, 2024.

15. Defendant admits that it received an email from Plaintiff dated December 11, 2023, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the December 11, 2023, email and denies the allegations to the extent they are inconsistent with the email.

16. Defendant admits it sent a letter to Plaintiff dated December 11, 2023, acknowledging receipt of the FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the December 11, 2023, letter and denies the allegations to the extent they are inconsistent with the letter.

17. Defendant admits it sent a letter to Plaintiff dated January 11, 2024, denying the request for expedited processing which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the January 11, 2024, letter and denies the allegations to the extent they are inconsistent with the letter.

18. The allegations in Paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

19. The allegations in Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**SECOND CAUSE OF ACTION**
**(NEWS MEDIA DENIAL)**

20. Defendant incorporates its responses to paragraphs 1-19 as if set fort fully herein.

21. The allegations in Paragraph 21 contain Plaintiff's characterizations of its own FOIA request, of themselves, and legal conclusions to which no response is required. Defendant

respectfully refers the Court to the November 29, 2023, FOIA request as the best evidence of the contents of the request. To the extent a response is required, Defendant denies the allegations.

22. The allegations in Paragraph 22 contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff was classified as "a general (all others) requester," and denies all other allegations.

23. The allegations in Paragraph 23 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

24. The allegations contained in Paragraph 24 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

### THIRD CAUSE OF ACTION
### (CONSTRUCTIVE RECORDS DENIAL)

25. Defendant incorporates its responses to paragraphs 1-24 as if set fort fully herein.

26. Defendant admits it sent Plaintiff a letter on December 11, 2023, stating that unusual circumstances applied to the FOIA request which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the December 11, 2023, letter and denies the allegations to the extent they are inconsistent with the letter.

27. The allegations in Paragraph 27 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

28. The allegations in Paragraph 28 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

29. The allegations in Paragraph 29 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

### FOURTH CAUSE OF ACTION
### (CONSTRUCTIVE FEE WAIVER DENIAL)

30. Defendant incorporates its responses to paragraphs 1-29 as if set forth fully herein.

31. The allegations in Paragraph 31 contain Plaintiff's characterizations of its own FOIA request and legal conclusions to which no response is required. Defendant respectfully refers the Court to the November 29, 2023, FOIA request as the best evidence of the contents of the request. To the extent a response is required, Defendant denies the allegations.

32. Defendant admits it sent Plaintiff a letter on December 11, 2023, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the December 11, 2023, letter and denies the allegations to the extent they are inconsistent with the letter.

33. The allegations in Paragraph 33 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

34. The allegations in Paragraph 34 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

35. The allegations in Paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## PRAYER FOR RELIEF

The remaining portions of the Complaint contain Plaintiff's request or prayer for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this

Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA or any other federal law.

## THIRD DEFENSE

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

## FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

## FIFTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

Dated:  New York, New York                         Respectfully submitted,
        January 31, 2024

                                                    DAMIAN WILLIAMS
                                                    United States Attorney for the
                                                    Southern District of New York
                                                    Attorney for Defendant

                                              By:   /s/ Dominika Tarczynska
                                                    Dominika Tarczynska
                                                    Danielle J. Marryshow
                                                    Assistant United States Attorneys
                                                    86 Chambers Street, 3rd Floor
                                                    New York, New York 10007
                                                    Telephone: 212-637-2748 / 2689
                                                    e-mail: dominika.tarczynska@usdoj.gov
                                                            danielle.marryshow@usdoj.gov