

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 13, 2024

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

      Re:  *Rolling Stone LLC v. Department of Justice*, 23 Civ. 10741 (LJL)

Dear Judge Liman:

      We write jointly on behalf of the Defendant the United States Department of Justice ("DOJ" or the "Government") and Plaintiff Rolling Stone, LLC ("Rolling Stone") (collectively the "Parties") in response to the Court's February 5, 2024, order scheduling an initial pretrial conference in this matter and directing the parties to submit a proposed Case Management Plan and Scheduling Order.  ECF No. 17.

      This matter pertains to a Freedom of Information Act ("FOIA") request submitted by Rolling Stone to the Federal Bureau of Investigation ("FBI") on November 30, 2023, for "all FBI records about Henry Kissinger."

      The parties respectfully request to be relieved of the requirement to submit a proposed Case Management Plan and Scheduling using your Honor's template.  Because this is a FOIA case, the parties understand Local Civil Rule 16.1 to exempt them from the requirement of a mandatory scheduling order under Federal Rule of Civil Procedure 16(b). Discovery is rare in FOIA cases; parties typically resolve disputes through agreement or by submitting cross-motions for summary judgment based on legal argument and factual matter provided by declarations, without discovery. *See, e.g., Wood v. Fed. Bureau of Investigation*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney v. Dep't of Just.*, 19 F.3d 807, 812–13 (2d Cir. 1994). Rolling Stone does not stipulate that it will not seek discovery later in the case depending on the course the litigation takes, but it does concur that discovery at this juncture is not warranted.

      For the most part, the fields in the proposed case management plan do not apply to this case, therefore the parties have omitted answers to them. As relevant here, the parties address the case management plan categories as follows:

      (1)    All parties <u>do not consent</u> to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

(2) The parties <u>have not</u> conferred pursuant to Federal Rule of Civil Procedure 26(f), as this is a FOIA matter which is typically resolved without discovery.

(3) The parties <u>have</u> engaged in settlement discussions.

(4) Any motion to amend or to join additional parties shall be filed no later than <u>March 20, 2024.</u>

(12) <u>Deadlines for Summary Judgment Briefing.</u>  As explained above, the Parties anticipate that this matter will be resolved by means of summary judgment briefing.

The FBI is in the process of collecting documents responsive to Rolling Stone's FOIA request, and at this time does not have an anticipated volume of material that will need to be reviewed and processed.  Once the collection is completed, the Government anticipates reviewing records at the rate of 500 pages per month.  Rolling Stone does not agree that the FBI's proposed processing rate is appropriate in this case, but it stipulates that any argument over the processing rate is premature at this time.

Rolling Stone intends to move for partial summary judgment regarding the FBI's denial of Rolling Stone's request for expedited processing and the FBI's placement of Rolling Stone in the "all other" fee category.  Rolling Stone proposes filing its motion for partial summary judgment by March 5, 2024; the Government proposes filing its opposition on April 12, 2024; and Plaintiff proposes filing its reply on May 7, 2024.  Rolling Stone may also move for partial summary judgment regarding its entitlement to a public interest fee waiver at an unspecified future date if the FBI denies its request or attempts to assess fees, but it cannot propose a date for such a motion because the FBI has not yet made a fee waiver determination.

Once production is completed, the Parties expect to attempt to resolve any disputes related to withholdings and will advise the Court whether summary judgment briefing is necessary on any issues that the Parties are unable to resolve and will propose a schedule for such briefing.

Thank you for your consideration of this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By: <u>*/s/ Dominika Tarczynska*</u>
DOMINIKA TARCZYNSKA
DANIELLE MARRYSHOW
Assistant United States Attorneys
Tel. (212) 637-2748
Fax (212) 637-2686
dominika.tarczynska@usdoj.gov
danielle.marryshow@usdoj.gov
*Attorney for Defendant*

- and -

<u>/s/ *Kelly B. McClanahan (consent by email 2/13/2024)*</u>
Kelly B. McClanahan, Esq.
Executive Director
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
Kel@NationalSecurityLaw.org

*Attorney for Plaintiff*