# NATIONAL SECURITY COUNSELORS

4702 LEVADA TERRACE
ROCKVILLE, MD  20853
_____

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in DC, NY, WA)
    EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in DC, IL)

12 April 2024

Hon. Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States District Courthouse
500 Pearl Street
New York, NY  10007

Re:     *Rolling Stone, LLC v. DOJ*, Case No. 23-10741

Dear Judge Liman:

On behalf of Plaintiff Rolling Stone, LLC, I respectfully submit this letter motion to respectfully ask this Court to expedite its consideration of this case pursuant to the Federal Courts Civil Priorities Act ("Priorities Act"), 28 U.S.C § 1657. I attempted to confer in good faith with Defendant's counsel, in an effort to resolve the dispute, prior to filing this motion, and Defendant's counsel informed me that Defendant opposes the requested relief.

It is well-established that a court "shall expedite the consideration of any action . . . if good cause therefor is shown." *Id.* § 1657(a). The Priorities Act specifically states, "For purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* Even without the parenthetical, this case clearly implicates "a right under . . . a Federal Statute," but Congress explicitly included 5 U.S.C. § 552—the Freedom of Information Act ("FOIA")—to drive home the point that FOIA litigation in particular should be expedited in cases where "a request for expedited consideration has merit." The legislative history is especially informative on this point:

> The Committee included a definition of "good cause" to emphasize the type of factual inquiry which the court should make. The Committee wishes to preclude clearly frivolous lawsuits from being granted expedited treatment merely by involving a statutory cause of action which had been given expedited status.

> The Committee recognizes in Section 2(A) the special nature of Freedom of Information Act cases. This section recognizes the need to expedite hearings upon the showing of "good cause" and defines good cause as including a right under Section 552 of Title 5, The Freedom of Information Act (FOIA).

The Freedom of Information Act is a major tool through which the public and the press obtain information about their Government. Prompt review of decisions denying access to Government information is critical to FOIA users and to the purposes of the Act. Without such prompt review, Government officials can delay access to public records, and extended delays in court can encourage unjustified refusals to disclose information. Frequently, the value of disclosed information is transitory. If this information is not released in a timely manner, it may be of no value at all. Further, most FOIA cases do not involve extended discovery or testimony and therefore do not burden court dockets for extensive periods of time. Expedited action by the courts in these cases can reduce the opportunities to hamper reporting of Governmental activities, and it is the intent of the committee that the "good cause" provision be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act.

H.R. Rep. No. 98-985, at 4-5 (Aug. 31, 1984) (emphasis added) [hereinafter Priorities Act Report].

As is obvious from this legislative discussion, this is not the test for expedited processing of a request under FOIA, but a separate test established by Congress in a separate law—the Priorities Act. The above discussion is not from a committee report from the FOIA legislative history, but from the report about the Priorities Act. Therefore, any discussion of whether or not Rolling Stone has met the test for "expedited processing" as FOIA defines the term would be a red herring in the context of this Motion. While it is true that Rolling Stone is contemporaneously seeking expedited processing of its FOIA request,  the relief it is seeking here is something more basic—expedited consideration of the case by the Court—under a completely different statute. Simply put, regardless of whether the Court finds that the Federal Bureau of Investigation ("FBI") should process Rolling Stone's FOIA request quickly or slowly, the Priorities Act indicates that this Court should expeditiously adjudicate any matters about this case before it.

In light of Congress's stated intent "that the 'good cause' provision be liberally construed by the courts in granting requests for expedited consideration under the Freedom of Information Act," Priorities Act Report at 5, the threshold for satisfying this requirement is low— significantly lower than the threshold for showing entitlement to "expedited processing" under FOIA. As such, it would be inappropriate for the Court to impose a significant burden on requesters seeking relief under the Priorities Act, especially when the exact nature of the records being requested is only known to the Government. In this case, the mere fact that a non-frivolous request for expedited processing of a request involving a highly polarizing public figure supported by both factual evidence and legal argument is currently being litigated is itself sufficient reason for the Court to expedite its consideration of the matter.

Therefore, the Court should expedite its consideration of this case, and in particular the pending motions, mindful of the fact that after it issues its decision on these motions, FBI will need some quantum of time to implement it (assuming *arguendo* that Rolling Stone prevails).

Sincerely,

Kel McClanahan
Counsel for Plaintiff Rolling Stone