

**U.S. Department of Justice**

*United States Attorney
Southern District of New York*

---

*86 Chambers Street
New York, New York 10007*

May 17, 2024

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

    Re:  *Rolling Stone LLC v. Department of Justice*, 23 Civ. 10741 (LJL)

Dear Judge Liman:

    We write on behalf of the Defendant the United States Department of Justice ("DOJ" or the "Government") in response to the Plaintiff's April 12, 2024 letter motion for expedited consideration of this case pursuant to 28 U.S.C. § 1657(a).  ECF No. 26.

    Under the Federal Court Civil Priorities Act, 28 U.S.C. § 1657, the federal courts have discretion to expedite consideration of cases upon a showing of good cause.  Under the statute, a party can establish good cause upon a showing that "a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit."  28 U.S.C. § 1657(a).  "District courts have discretion to determine the need for expedited proceedings on a case-by-case basis."  *Free Sacred Trinity Church v. IRS*, No. 21 Civ. 1756, 2022 WL 959645, at *4 (S.D. Cal. Mar. 30, 2022).

    Plaintiff argues that the good cause requirement is liberally construed by the Courts in FOIA actions such as this one.  *See* ECF No. 26 at 2.  However, not every FOIA action is entitled to expedited treatment under § 1657.  Indeed, subsection (a)(4)(D) of FOIA previously provided that except for matters which a court considered to be of "greater importance," FOIA cases were to automatically "take precedence on the docket over all cases . . . and [be] expedited in every way."  However, Section 402(2) of the Federal Civil Priorities Act repealed this provision.  *See* Pub. L. No. 98-620, 98 Stat. 3335, 3357 (1984).

    Instead of an automatically expedited process, the statute implements a regime whereby Plaintiff must demonstrate that there is a "factual context that indicates that a request for expedited consideration has merit."  But Plaintiff offers no justification for why this FOIA action should be expedited over other FOIA cases.  Instead, Plaintiff merely asserts that it made an expedited processing request "involving a highly polarizing public figure."  ECF No. 26 at 2.  That is insufficient to constitute good cause where Plaintiff has failed to articulate any particular urgency

for the records it seeks, or how expedited consideration in this case will get Plaintiff records any faster in this suit.[1]  Expedited consideration seems particularly unnecessary in this action, where the FBI has already begun releasing records to Plaintiff.  Indeed, the FBI has already publicly uploaded initial records related to Henry Kissinger to its FOIA Library, known as The Vault, and plans to continue to do so as additional records are processed.  *See* FBI Records: The Vault, *Henry Kissinger*, https://vault.fbi.gov/henry-kissinger (last visited May 17, 2024).

For the foregoing reasons, the Court should deny Plaintiff's letter motion for expedited consideration of this case.  Thank you for your consideration of this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

By:   */s/ Danielle J. Marryshow*
DOMINIKA TARCZYNSKA
DANIELLE J. MARRYSHOW
Assistant United States Attorneys
Tel. (212) 637-2748/2689
Fax (212) 637-2686/2750
dominika.tarczynska@usdoj.gov
danielle.marryshow@usdoj.gov
*Attorney for Defendant*

---

[1] Even if the Court were to grant Plaintiff's request for expedition under 18 U.S.C. § 1657(a) that "authorizes expedition only of the Court's own consideration of an action" and is "not an order to expedite [the agency's] processing of Plaintiff's [FOIA] request." *Documented NY v. U.S. Dep't of State*, No. 20 Civ. 1946 (AJN), 2021 WL 4226239, at *2 n.5 (S.D.N.Y. Sept. 16, 2021).