

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 29, 2024

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

  Re: *Rolling Stone LLC v. Department of Justice*, 23 Civ. 10741 (LJL)

Dear Judge Liman:

  We write on behalf of the Defendant the United States Department of Justice ("DOJ" or the "Government") in response to the Plaintiff's April 12, 2024 letter motion to compel the Government to seek a stay pursuant to *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). ECF No. 25.

  In its motion, Plaintiff seeks to create a new procedure to resolve an imagined dispute—which, if granted, would have no practical impact on this litigation. Plaintiff cites no cases suggesting that it is appropriate for a Plaintiff to compel the Government to seek an *Open America* stay, nor has the Government located any such case.[1] An *Open America* stay is unnecessary given that the Government's response to the various FOIA requests related to Henry Kissinger is well underway. Indeed, this invented procedural mechanism appears superfluous even based on Plaintiff's own reasoning—it claims that in the absence of an *Open America* stay, Plaintiff "may be entitled to a judgment on the pleadings." ECF No. 25 at 3. However, Plaintiff has made no such motion to date.

  And on the merits, there is no need for an *Open America* stay in this case. *Open America* makes clear that "Congress wished to reserve the role of the courts for two occasions, (1) when the agency was not showing due diligence in processing plaintiff's individual request or was lax overall in meeting its obligations under the Act with all available resources, and (2) when a plaintiff can show a genuine need and reason for urgency in gaining access to Government records ahead of prior applicants for information." 547 F.2d at 615-16. In that case, the plaintiff's FOIA request was deep in the FBI's then-existing backlog and the FBI had not begun processing the request. *Id.*

---

[1] The only other instance that the Government could locate where a plaintiff has sought a motion to compel an *Open America* stay was also raised by Plaintiff's counsel. In that case, the Court summarily denied the motion to compel because Plaintiff failed to prosecute the case and "repeatedly disregarded the Court's standing order and scheduling orders." *Assassination Archives & Research Ctr. v. Dep't of Justice*, No. 18 Civ. 1868, 2022 WL 17976438 (D.D.C. Feb. 14, 2022).

at 608, 613.² Here, the Government has plainly acted diligently—the processing of Plaintiff's request is ongoing, and the production of documents has already begun. Nor has Plaintiff demonstrated any urgency in gaining access to the records any faster than they are currently being released.³

As Plaintiff acknowledges, the Government has already begun processing records at a rate of approximately 500 pages per month. *See* ECF No. 25 at 1. The FBI has also already publicly uploaded initial responsive records to its FOIA Library, known as The Vault, and plans to continue to do so as additional records are processed. *See* FBI Records: The Vault, *Henry Kissinger*, https://vault.fbi.gov/henry-kissinger (last visited May 29, 2024). While Plaintiff appears to argue that an *Open America* stay is required because processing its request (along with the numerous other similar requests) will take an extended period of time, that is a function of the breadth of the request. In its FOIA request, Plaintiff sought "all FBI records about Henry Kissinger," that the FBI could not "limit the search to 'main file records' or records located in the Central Records System," and "specifically request[ed] all information about Kissinger located by a full-text search of Sentinel as well as all email records in the New York and Washington Field Offices which contain the word 'Kissinger.'" Compl. ¶ 8.

But there is no processing rate dispute for this Court to resolve because Plaintiff does not challenge the 500 page per month processing rate, or propose a different rate. *See* ECF No. 25 at 4. Nor is an *Open America* stay necessary for this Court to superintend the FBI's processing and production of records—courts have "broad discretion to determine a reasonable processing rate for a FOIA request." *New York Times Co. v. Dep't of Defense*, No. 19 Civ. 9821 (VSB), 2022 WL 1547989, at *1 (S.D.N.Y. Apr. 21, 2022) (citation omitted). And on the merits, a 500 page per month processing rate is well within processing times that have been considered reasonable by courts. *See Nat'l Sec. Counselors v. United States Dep't of Justice*, 848 F.3d 467, 471 (D.C. Cir. 2017) (approving FBI policy of processing individual FOIA requests in 500-page increments because this "provides more pages to more requestors, avoiding situations in which a few, large queue requests monopolize finite processing resources" (quotation marks omitted)). This is true even where it may mean that completion of production of relevant documents may take a significant period of time. *See New York Times Co.*, 2022 WL 1547989 at *2-3 (April 2021 opinion determining that a processing rate of 500 pages every 60 days was reasonable where the case had "dragged on since October 2019").

And importantly, there is no statutory deadline that the Government seeks to extend. Indeed, FOIA "prescribes no fixed timeframe within which an agency must produce non-exempt records." *Am. Soc. for the Prevention of Cruelty to Animals v. Animal & Plant Health Inspection Serv.*, 60 F.4th 16, 24 (2d Cir. 2023) (Menashi, *J.*, concurring). Instead, the statute provides that

---

² For the same reasons, Plaintiff's reference to *Nat'l Sec. Archive v. SEC*, 770 F. Supp. 2d 6, 8 (D.D.C. 2011) is inapposite—in that case the SEC sought an *Open America* stay because it could not "begin work on plaintiff's request" until 24 months after the request for an *Open America* stay was filed. *See* ECF No. 25 at 3.

³ Plaintiff's reference to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) in support of the principle that "it is only logical that the agency must either produce the requested records quickly or explain why it cannot," ECF No. 25 at 3, is misplaced. As the Second Circuit has previously explained, "[t]he *Vaughn* index procedure was developed to avoid the cumbersome alternative of routinely having a district court examine numerous multi-page documents *in camera* to make exemption rulings." *Knight First Amendment Institute at Columbia University v. USCIS*, 30 F.4th 318, 324 n.3 (2d Cir. 2022).

an agency that has received a FOIA request is required to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request." 5 U.S.C. § 552(a)(6)(A)(i). FOIA's 20-working-day time period does not create a deadline for production. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 189-90 (D.C. Cir. 2013). No other provision in FOIA creates a specific timeframe for the release of records. *See* 5 U.S.C. §§ 552(a)(3)(A) (an agency shall make records responsive to a proper request "promptly available"), (a)(6)(C)(i) (same for litigated cases).

Plaintiff argues only that an *Open America* stay is necessary to the extent that the Government seeks to "delay the beginning of summary judgment briefing past December 2024." ECF No. 25 at 3. But there is no dispute for the Court to resolve on that score either. The Government is not seeking delay of any summary judgment briefing—when either party believes that a motion for summary judgment is appropriate, motions may be filed. Because Plaintiff has failed to identify a dispute for this Court to resolve, or how an *Open America* stay would have any impact on this litigation, this Court should deny the motion.

For the foregoing reasons, the Court should deny Plaintiff's letter motion to compel the Government to seek an *Open America* stay. Thank you for your consideration of this matter.

    Respectfully,

    DAMIAN WILLIAMS
    United States Attorney

By:    */s/ Danielle J. Marryshow*
    DOMINIKA TARCZYNSKA
    DANIELLE J. MARRYSHOW
    Assistant United States Attorneys
    Tel. (212) 637-2748/2689
    Fax (212) 637-2686/2750
    dominika.tarczynska@usdoj.gov
    danielle.marryshow@usdoj.gov
    *Attorney for Defendant*