IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ROLLING STONE, LLC,

    Plaintiff,

    v.

UNITED STATES
DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 23-cv-10741 (LJL)

## DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

1.     I am the Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division (IMD), Federal Bureau of Investigation (FBI), Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I was the Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS Litigation Support Unit, from November 2012 to June 2016; and an Assistant General Counsel, FBI Office of the General Counsel, Freedom of Information Act (FOIA) Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act (FOIPA) litigation cases nationwide. Prior to joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration (DEA), from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various

1

assignments from 1994 to September 2006 culminating in my assignment as Chief, General Litigation Branch, U.S. Army Litigation Division, where I oversaw FOIPA litigation for the U.S. Army. I am an attorney licensed in the State of Ohio and the District of Columbia.

2. In my official capacity as Section Chief of RIDS, I supervise approximately 236 FBI employees, supported by approximately 108 contractors, who staff a total of nine (9) Federal Bureau of Investigation Headquarters (FBIHQ) units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

3. Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request that is the subject of this litigation.

4. The FBI submits this declaration in support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment. Part I of this declaration provides a summary of the administrative history of the Plaintiff's request, Part II explains the FBI's justification for denial of expedited processing, and Part III provides the current status of processing.

## PART I: ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUEST

### FBI FOIPA Request Number 1612772-000

5. By electronic FOIA (e-FOIA)[1] dated November 30, 2023, Plaintiff submitted a FOIA request to the FBI seeking records pertaining to Henry Kissinger. Specifically, Plaintiff requested:

> "...all FBI records about Henry Kissinger. This may not be limited to 'main file records' or records located in the CRS. In addition to searching the CRS for cross-references, we specifically request all information about Kissinger located by a full-text search of Sentinel as well as all email records in the New York and Washington Field Offices which contain the word 'Kissinger.'"

6. Plaintiff requested expedited processing pursuant to 5 U.S.C. § 522(a)(6)(E)(i)(II). To justify Plaintiff's request for expedited processing, Plaintiff stated:

> "Rolling Stone, a well-recognized representative of the news media primarily engaged in the dissemination of information, is requesting these records to satisfy an urgent need to inform the public about actual or alleged federal government activity, namely, the activities of the FBI and other agencies in which Kissinger, an extremely polarizing figure in many circles, played a direct or indirect role, or even those activities, like the Mueller Investigation, where FBI was looking into his activities. Kissinger's death and the opportunity it presents for obtaining these long-sought-after records are the very definition of a breaking news story which concerns a matter of current exigency to the public. Furthermore, the above reasons clearly demonstrate that this is a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

**(Ex. A)**

7. On December 10, 2023, Plaintiff filed a complaint in the U.S. District Court for the Southern District of New York.[2] (ECF No. 1.)

---

[1] An eFOIA is an electronic means by which requesters can submit FOIA requests to the FBI, online, through the FBI's public website, www.FBI.gov.

[2] By email dated December 11, 2023, Plaintiff advised the FBI a complaint had been filed in the Southern District of New York challenging the FBI's alleged failure to respond as required by statute to Plaintiff's FOIA request.

8. By letter dated December 11, 2023, the FBI acknowledged receipt of Plaintiff's FOIA request, and notified Plaintiff it had assigned its request FBI FOIPA Request Number 1612772-000. The FBI also informed Plaintiff of the following: Plaintiff submitted the request via the FBI's eFOIPA system, the FBI determined it was compliant with the eFOIPA terms of service, and future correspondence about the request would be provided electronically; the documents would be posted to the FBI's electronic FOIA Library[3] (The Vault), http:/vault.fbi.gov, and Plaintiff would be contacted when the release was posted; Plaintiff's public interest fee waiver was under consideration, and Plaintiff would be advised of the decision at a later date, and if Plaintiff's fee waiver was not granted, Plaintiff would be responsible for applicable fees; and for the purpose of assessing any fees, the FBI determined as a general (all other) requester, Plaintiff would be charged applicable search and duplication fees.[4] Additionally, the FBI informed Plaintiff it could check the status of its request and/or contact the FBI with any questions at www.fbi.gov/foia. Further, the FBI advised Plaintiff it could appeal the FBI's response to the DOJ, Office of Information Policy (OIP) within ninety (90) days of its letter; contact the FBI's public liaison; and/or seek dispute resolution services by contacting the Office of Government Information Services (OGIS). By separate letter dated December 11, 2023, the FBI also informed Plaintiff that unusual circumstances applied to the processing of the request, to include one or more of the following scenarios: there is an need to search for and collect records from field offices and/or other offices that are separate from RIDS; there is a need

---

[3] Because the FBI received more than three requests for this information, it is required to publish any records it releases in whole or in part in its FOIA electronic public reading room. *See* 5 U.S.C. § 552(a)(2)(D)(ii)(II)

[4] As this information will be posted to the FBI's Vault, the FBI determined it would not charge Plaintiff any fees.

to search for, collect, and examine a voluminous amount of separate and distinct records; and/or there is a need for consultation with another agency or two or more DOJ components. **(Ex. B)**.

9. By letter dated January 11, 2024, the FBI informed Plaintiff its request for expedited processing was denied because it did not provide enough information concerning the statutory requirements for expedition pursuant to 28 C.F.R. § 16.5(e)(1)(ii) or 28 C.F.R. § 16.5(e)(1)(iv). The FBI informed Plaintiff that he could appeal the FBI's response to the DOJ, OIP within ninety (90) days of the date of the letter, contact the FBI's public liaison, or seek dispute resolution services by contacting the OGIS. **(Ex. C)**. Plaintiff did not file an appeal of the expedited processing determination to the DOJ, OIP.

## PART II: DENIAL OF EXPEDITED PROCESSING

10. Pursuant to 28 C.F.R. §16.5(e)(1), there are four situations where a FOIA request could be granted expedited processing. These include requests that involve: (i) circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) an urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information; (iii) the loss of substantial due process rights; or (iv) a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence. Although Plaintiff did not explicitly cite this regulation, Plaintiff did not submit any information or argument to the FBI that their request fell under categories (i) or (iii). Therefore, the FBI evaluated Plaintiff's request for expedited processing under categories (ii) and (iv).

11. Under category (ii), requestors have the burden of providing sufficient information to establish that there is an urgent need to inform the public about "an actual or alleged Federal Government activity" and that the requestor is a person who is "primarily

5

engaged in disseminating information." 28 C.F.R. §16.5(e)(1)(ii). The requestor here is Rolling Stone magazine, which according to Plaintiff's representations, is "a well-recognized representative of the news media primarily engaged in the dissemination of information." The FBI determined that Plaintiff met its burden in proving the second prong of category (ii) – that they are primarily engaged in disseminating information. In an attempt to satisfy the first prong, Plaintiff stated that it was "requesting these records to satisfy an urgent need to inform the public about actual or alleged federal government activity, namely, the activities of FBI and other agencies in which Kissinger, an extremely polarizing figure in many circles, played a direct or indirect role, or even those activities, like the Mueller Investigation, where FBI was looking into his activities. Kissinger's death and the opportunity it presents for obtaining these long-sought-after records are the very definition of a breaking news story which concerns a matter of current exigency to the public." Based on these representations, the FBI determined that Plaintiff failed to meet its burden in establishing the first prong of category (ii) – an urgent need to inform the public about actual or alleged Federal Government activity. 28 C.F.R. §16.5(e)(1)(ii). Plaintiff only gave conclusory statements that tracked the language of the Department of Justice FOIA regulations and did not provide sufficient information on why the death of this individual, potentially rendering certain privacy exemptions diminished, created an urgent need to inform the public on past government activity.

12.    Under category (iv), requestors have the burden of showing there is a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. §16.5(e)(1)(iv). Plaintiff did not provide any further information besides their argument for category (ii), other than saying "the above reasons clearly demonstrate that this is a matter of widespread and exceptional media

interest in which there exist possible questions about the government's integrity which affect public confidence." (Ex. A). The FBI determined that Plaintiff failed to meet its burden under category (iv). Plaintiff again only provided conclusory statements which tracked the language of the Department of Justice FOIA regulations. There was no information provided that showed why the death of a former government official gave rise to "possible questions about the government's integrity that affect public confidence." 28 C.F.R. §16.5(e)(1)(iv). Additionally, the FBI conferred with the Department of Justice, Office of Public Affairs (OPA) concerning Plaintiff's argument under category (iv), and OPA also determined that this subject did not meet the standard of "widespread and exceptional media interest" or raise "possible questions about the government's integrity which would affect public confidence." *See* ¶ 9, *supra*.

## PART III: CURRENT STATUS OF PROCESSING

13.     Plaintiff's FOIA request was one of sixteen recent requests made to the FBI concerning Henry Kissinger. The FBI is actively working to process responsive records. This request is not in the FBI's backlog, as it has been assigned to a disclosure analyst for processing.[5]

14.     Plaintiff was advised during the course of the litigation that the FBI had conducted a search, located potentially responsive records, began the processing of the records, and would be making monthly interim releases where the records would be placed on the FBI's Vault. The FBI will advise Plaintiff of any future determinations made in response to its request. *See* ¶ 8, *supra*. The FBI's search of the Central Records System[6] for information related to Henry

---

[5] A search of the Central Records System (CRS) was conducted on December 8, 2023 in response to a different FOIA request on the same subject.

[6] The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled and maintained by the FBI. The CRS spans the entire FBI organization and encompasses the records of FBIHQ, FBI field offices, and FBI legal attaché offices worldwide.

Kissinger included a search for both main and reference entries.[7] The FBI searched all locations and files reasonably likely to contain responsive records. To date, based on its search of both main and reference entries in the CRS, the FBI has identified approximately 7,900 potentially responsive pages as a result of its search,[8] with additional file reviews ongoing which may result in the location of additional potentially responsive records. Approximately 6,000 of those potentially responsive pages have been imported into the FBI's FOIA Document Processing System for processing so far.[9]

15. By letter dated May 15, 2024, the FBI made its first interim release of records to Plaintiff. This interim production was also posted to the FBI's Vault. The FBI reviewed 506 pages and released 392 pages in full or part. Information was withheld pursuant to FOIA Exemptions (b)(3), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E), was duplicative to other information processed, or was referred for consultation with another government agency. (**Ex. D**).

16. The FBI anticipates making additional interim releases where it will review approximately 500 pages per month. These releases will be sent directly to Plaintiff and will be posted on the FBI's Vault.

---

[7] A main index entry is created for each individual or non-individual (e.g., organization, event, or activity that is the subject or focus of an investigation. Main subjects are identified in the case title of a file. A reference index entry is created for an individual or non-individual (e.g., organization, event, activity) associated with an investigation, but who or which is not the main subject or focus of the investigation. Reference subjects are typically not identified in the case title of a file.

[8] Plaintiff submitted a broad request for any and all records on the subject. Plaintiff's request was not limited by timeframe or event.

[9] Portions of files may need to undergo review for classified information before being processed.

## CONCLUSION

17. The FBI denied Plaintiff's request for expedited processing because Plaintiff failed to meet its burden. Additionally, the FBI is actively processing records, has made its first release, and will continue to review approximately 500 pages per month.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through D attached hereto are a true and correct copy.

Executed this 29th day of May 2024.

*[signature]*

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia