**NATIONAL SECURITY COUNSELORS**

4702 LEVADA TERRACE
ROCKVILLE, MD  20853
___

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in DC, NY, WA)
    EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in DC, IL)

17 June 2024

Hon. Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States District Courthouse
500 Pearl Street
New York, NY  10007

Re:    *Rolling Stone, LLC v. DOJ*, Case No. 23-10741

Dear Judge Liman:

    On behalf of Plaintiff Rolling Stone, LLC, I respectfully submit this letter motion to respectfully request a status conference to establish a briefing schedule for Defendant's motion for summary judgment. Defendant does not oppose this Motion, and Defendant's full position statement is presented at the end of this letter.

    I have good cause to file this Motion. On 12 April, I filed a letter motion requesting that Defendant be required to seek an *Open America* stay if it intends to delay the beginning of summary judgment briefing past December. (Ltr. Mot., Dkt. #25, at 3 (filed Apr. 12, 2024).) In opposition, Defendant stated that "[t]he Government is not seeking delay of any summary judgment briefing" (Ltr. Opp'n, Dkt. #35, at 3 (filed May 29, 2024)), and this Court cited this statement as the reason it denied my motion as moot. (Order, Dkt. #38, at 1 (filed May 31, 2024).) I am now requesting a status conference to set a deadline for the filing of Defendant's motion for summary judgment, now that the Court has found that Defendant is not seeking to delay its filing past December.

    This is not a situation where, as Defendant claimed, "when either party believes that a motion for summary judgment is appropriate, motions may be filed." (Dkt. #35 at 3.) As the Court is aware, the Government bears the burden of proof in Freedom of Information Act ("FOIA") cases, and to meet this burden the *Government* must seek summary judgment, which it will support with declarations and a *Vaughn* index. Until the Government files a declaration and *Vaughn* index, a plaintiff has no evidence to support a motion for summary judgment, nor does it even have to file one, since it does not bear the burden of proof. A FOIA plaintiff cannot generally file a motion for summary judgment on most issues[1] "when [it] believes that a motion for summary judgment is appropriate"; it must wait for the Government to file one so that it has

---

[1] There are a small number of exceptions, such as where the dispute is over expedited processing or a public interest fee waiver, where the plaintiff bears the burden of proof and often files first.

access to information previously only available to the Government. Accordingly, since the Government has disavowed delaying the commencement of summary judgment briefing past December, the Court should hold it to that position by issuing a briefing schedule.[2]

In an email, Defendant's counsel stated: "Defendant does not oppose Plaintiff's request for a status conference. However, it is Defendant's position that it is most efficient to set a final summary judgment briefing schedule after the currently pending motion for partial summary judgment is decided, and Plaintiff identifies the issues that are in dispute for summary judgment briefing." The Court should reject this position for two reasons: (1) the questions to be addressed in Defendant's motion for summary judgment will be unrelated to the question of expedited processing currently being briefed; and (2) Defendant bears the burden of proof in this case and must show that it properly processed Rolling Stone's FOIA request in *all* aspects, even in the absence of a plaintiff "identif[ying] the issues that are in dispute". However, to aid the Court in its consideration, I can already state that, based on Defendant's responses thus far, Defendant will at least need to seek summary judgment on the adequacy of its search and all withholdings, and the briefing schedule should reflect that scope.

For the purposes of scheduling this status conference, I will be out of town on prescheduled leave from 22 June until 1 July. Thank you for your consideration of this request.

Sincerely,

Kel McClanahan
Counsel for Plaintiff Rolling Stone

---

[2] Alternatively, if, as Rolling Stone suspects, Defendant resists the imposition of a scheduling order on the grounds that it will not have completed processing responsive records in time, the Court should find that Defendant's statement that it was not seeking delay of any summary judgment briefing demonstrated a lack of candor to the Court and consider sanctions. Rolling Stone respectfully maintains that an order directing Defendant to complete processing its FOIA request and file a motion for summary judgment by 20 December would be an appropriate and proportional sanction well within the Court's authority.