# NATIONAL SECURITY COUNSELORS

4702 LEVADA TERRACE
ROCKVILLE, MD  20853
___

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in DC, NY, WA)
EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in DC, IL)

9 August 2024

Hon. Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States District Courthouse
500 Pearl Street
New York, NY  10007

Re:     *Rolling Stone, LLC v. DOJ*, Case No. 23-10741

Dear Judge Liman:

On behalf of Plaintiff Rolling Stone, LLC, I would like to bring a potentially relevant piece of information to your attention that was not known at the time I filed the original motion to compel (Dkt. #25), which you are now treating as a renewed motion. I apologize for overlooking it during yesterday's status conference.

As the Court is aware, the Federal Bureau of Investigation ("FBI") is processing sixteen different requests for records about Henry Kissinger. (*See, e.g.*, Dkt. #37 ¶ 13.) While FBI has denied Rolling Stone's request for expedited processing, it is not clear that it denied expedited processing for the other fifteen requests. In fact, the discrepancies I previously identified (Dkt. #41 at 3-4) in FBI's processing of this request would be the natural result if FBI had granted expedited processing to one of those other requests. On 21 June, I asked FBI's counsel if it had granted expedited processing to any of the other requests, and she refused to answer. On 19 June, in anticipation of this response, I filed a FOIA request with FBI for the request letters for those fifteen requests, which would show if any of those other requesters had sought expedited processing. On 10 July, FBI denied the request in full, claiming that these FOIA request letters received from members of the public were exempt in full pursuant to FOIA Exemptions (b)(5) (citing the deliberative process privilege) and (b)(7)(E). I appealed this decision to the DOJ Office of Information Policy, where it is in the normal first-in, first-out queue.

Whether FBI has already granted expedited processing for the records Rolling Stone has requested should be relevant to Rolling Stone's motion to compel, and FBI's baseless claim that even releasing the request letters would harm the deliberative process and law enforcement privileges supports an inference that it did in fact do so and is attempting to avoid the possibility of Rolling Stone using that information against it in this case. While Rolling Stone agrees that it would be premature for the Court to draw that inference without further information, I would respectfully suggest that, if the Court agrees that this information would be relevant, it should be concerned by FBI's extreme measures to avoid releasing it and direct FBI to provide that

information so that it can make a decision on Rolling Stone's motion to compel in light of *all* of the facts and not just the facts FBI chooses to provide.

Sincerely,

Kel McClanahan
Counsel for Plaintiff Rolling Stone