UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ROLLING STONE LLC,

                 Plaintiff,

    -v-

DEPARTMENT OF JUSTICE,

                 Defendant.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/19/2024

23-cv-10741 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Plaintiff Rolling Stone, LLC ("Plaintiff") renews its motion to compel Defendant, the United States Department of Justice, to move for a stay pursuant to *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). Dkt. Nos. 25, 45; *see also* Minute Entry for Aug. 8, 2024. Defendant has opposed the motion. Dkt. No. 35.

    Plaintiff argues that a responding agency must seek an *Open America* stay when it "seeks to postpone briefing [on a summary judgment motion] by a significant period" and that the responding agency must "justify[] the delay (and, accordingly, justify[] the processing delay causing the [summary judgment briefing] delay)." Dkt. No. 25 at 1. It contends that such a motion would be necessary in this case if Defendant is not prepared to complete its production by December 2024 and make a motion for summary judgment by that date. *Id*. at 4. On May 31, 2024, the Court denied the motion as moot based on its understanding that the Defendant would be prepared to commence summary judgment briefing in this case no later than December 2024. Dkt. No. 38; *see* Dkt. No. 35 at 3 (asserting that the Government was not seeking a delay of summary judgment briefing beyond December 2024). At a status conference on August 8, 2024, Defendant informed the Court that its current best estimate for when the production of

documents in response to Plaintiff's request under the Freedom of Information Act ("FOIA") would be complete is within approximately 12 to 14 months (i.e., between August and October 2025) and that the case would not be ripe for summary judgment briefing until document production was complete. Accordingly, the Court gave Plaintiff leave to renew its motion to compel the Government to seek an *Open America* stay. Both parties agreed to rest on the previously submitted letter briefs at Dkt. Nos. 25 and 35. Plaintiff filed an additional letter raising information "that was not known at the time" it filed its original motion—specifically that there are other FOIA requests for the same documents Plaintiff requested and that the FBI refuses to tell Plaintiff whether expedited processing was granted for any of those requests and has denied Plaintiff's separate FOIA request for those request letters. Dkt. No. 45.[1] Plaintiff's motion is denied.

Under FOIA's statutory scheme, "a distinction exists between a 'determination' [whether an agency is going to produce records responsive to a FOIA request] and subsequent production." *Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("*CREW*").[2] FOIA contains strict time limits for when an agency must make a determination whether to produce records in response to a FOIA request. An agency that receives a proper FOIA request must make the determination whether to produce records within 20 days after receipt of the request whether to comply with the request and must immediately notify the requestor "of such determination and the reasons therefor." 5 U.S.C. §

---

[1] Plaintiff has not demonstrated an entitlement to the correspondence with respect to FOIA requests where it is not the requestor.

[2] Courts in this Circuit frequently refer to opinions of the United States Court of Appeals for the D.C. Circuit due to its expertise on FOIA issues. *See Austin Sanctuary Network v. United States Immigration and Customs Enforcement*, 2022 WL 4356732, at *21 (S.D.N.Y. Sept. 19, 2022) (citing cases).

552(a)(6)(A)(i).  The agency also must make a determination of any appeal within 20 days.  *Id*. § 552(a)(6)(A)(ii).  In "unusual circumstances" the 20-day period may be extended by an additional ten days.  *Id*. § 552(a)(6)(B)(i).  If the agency fails to comply with those time limits, the requestor is deemed to have exhausted his administrative remedies and may proceed directly to federal court for a remedy.  *Id*. § 552(a)(6)(C); *see CREW*, 711 F.3d at 183, 185.  However, in federal court, the agency may obtain additional time to make a determination "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request."  *Id*. § 552(a)(6)(C).  In that instance, "the court may retain jurisdiction and allow the agency to complete its review of the records."  *Id*.; *see CREW*, 711 F.3d at 185 ("If the agency does not make a 'determination' within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies.  Once in court, however, the agency may further extend its response time if it demonstrates 'exceptional circumstances' to the court").  To make the requisite determination, "an agency need not go so far as to produce the responsive documents," but it "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."  *CREW*, 711 F.3d at 185–86; *see also id*. at 188 ("To be clear, a 'determination' does not require actual *production* of the records to the requester at the exact same time that the 'determination' is communicated to the requester.") (emphasis in original); *see also Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 895 F.3d 770, 782 (D.D.C. 2018) ("FOIA's text and structure require that the agency at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents.") (internal citations and

3

quotations omitted); *National Day Laborer Organizing Network v. United States Immigr. and Customs Enforcement*, 236 F. Supp. 3d 810, 815 (S.D.N.Y. 2017).

By contrast, "FOIA 'prescribes no fixed timeframe within which an agency must produce non-exempt records.'" *Am. Soc'y for the Prevention of Cruelty to Animals v. Animal and Plant Health Inspection Serv.*, 60 F.4th 16, 24 (2d Cir. 2023) (Menashi, J., concurring) (quoting *Judicial Watch*, 895 F.3d at 791 (Srinivasan, J., dissenting)).  FOIA simply requires that the agency "shall" make the requested records "promptly available."  5 U.S.C. § 552(a)(3)(A); *see Judicial Watch*, 895 F.3d at 785 (Pillard, J., concurring) ("FOIA . . . sets a default 20-day deadline for the underlying determination, and simply requires that the ensuing production of records by made to the requester 'promptly' thereafter"); *CREW*, 711 F.3d at 189 (noting that after making a determination, "the agency may still need some additional time to physically redact, duplicate, or assemble for production the documents that it has already gathered and decided to produce.  The agency must do so and then produce the records 'promptly'"); *N. Y. Times Co. v. Dep't of Defense*, 2022 WL 1547989, at *1 (S.D.N.Y. Apr. 21, 2022).  Where an agency unreasonably delays disclosing non-exempt records, the courts have the authority to step in and demand that they do so.  *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).  FOIA gives the district court "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

In *Open America*, 547 F.2d 605, the D.C. Circuit interpreted the "exceptional circumstances" provision of Section 552(a)(6)(C).  There, the agency had responded to the FOIA request by acknowledging its receipt and "pointing out that the request had been assigned its priority number and would be processed in due course."  *Id*. at 608.  The district court addressed

the agency's failure to make a determination within the statutory time frame by ordering it to produce a *Vaughn* index within 30 days, over the agency's objection that "exceptional circumstances" existed under Section 552(a)(6)(C) for its failure to make a determination. *Id*. at 608, 610.  The D.C. Circuit reversed and remanded for the district court to make a determination whether "exceptional circumstances" existed.  The court noted that the "exceptional circumstances" provision was adopted "as a safety valve after the protests of the administration that the rigid time limits of subparagraphs (A) and (B) [providing for the 20-day deadline and 10-day extension respectively] might prove unworkable." *Id*. at 610.  The court laid out what the agency must show in order to obtain a stay of litigation under subparagraph (C): "'exceptional circumstances exist' when an agency . . . is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of subsection 6(A), and when the agency can show that it 'is exercising due diligence' in processing the requests." *Id*. at 616.  "The few decisions of [the Second] Circuit which have confronted this issue generally have followed the [District of Columbia] Circuit Court's reasoning in *Open America*, and 'agencies confronting an overwhelming number of requests . . . have been given additional time to respond to them.'" *Rabin v. U.S. Dep't of State*, 980 F. Supp. 116, 122 (S.D.N.Y. Oct. 7, 1997) (quoting *Freeman v. U.S. Dep't of Justice*, 822 F. Supp. 1064, 1066 (S.D.N.Y. 1983)).

"When an *Open America* stay is denied, the Court may order the agency 'to process Plaintiff's FOIA request and release the documents on a rolling basis and require the agency to file a status report with the court regarding the status of the request and expected processing timelines." *Treatment Action Grp. v. Food & Drug Admin. & Dep't of Health & Hum. Servs.*, 2016 WL 5171987, at *11–12 (D. Conn. Sept. 20, 2016) (quoting *Gov't Accountability Project v.*

5

*U.S. Dep't of Health & Hum. Servs.*, 568 F. Supp. 2d 55, 64 (D.D.C. 2008)). "The Court may also order the agency to 'begin processing Plaintiffs' FOIA requests immediately,' 'promptly produce any responsive documents on a rolling basis,' and set a deadline for the completion of production." *Id*. (quoting *Buc v. Food & Drug Admin.*, 762 F. Supp. 2d 62, 73 (D.D.C. 2011); *see also Moore v. U.S. Immigr. & Customs Enforcement*, 513 F. Supp. 3d 742, 750–51 (W.D. Tex. 2021) (denying *Open America* stay and ordering agency and requester to agree on a schedule for production of documents).

  Defendant has not moved for an *Open America* stay. But Plaintiff does not argue that Defendant is in default of its obligation to make a "determination" under FOIA and thus Plaintiff does not establish facts that would require Defendant to seek an *Open America* stay. Defendant is in the process of reviewing and producing the documents responsive to Plaintiff's request. Dkt. No. 37 ¶¶ 13–17. Plaintiff complains only that Defendant has not completed the process of producing documents. It asserts, incorrectly, that "[t]he point of an *Open America* stay is to allow more time to respond to the request in its entirety, not just part of it" and that "[o]therwise, an agency could simply produce one responsive document up front and then delay the release of other records for years." Dkt. No. 25 at 2. Thus, while masquerading as a request that the Defendant move for an *Open America* stay, Plaintiff's letter motion is really just a veiled request that the Court issue an order expediting the production of records by Defendant.

  "In exercising its judicial review, a court has 'broad discretion to determine a reasonable processing rate for a FOIA request.'" *N. Y. Times Co.*, 2022 WL 1547989, at *1 (quoting *Colbert v. Federal Bureau of Investigation*, 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018)). An agency may be required to expedite its processing of a FOIA request under certain circumstances such as when the failure to obtain the requested records on an expedited basis

6

could reasonably be expected to pose an imminent threat to the life or physical safety of an individual or when there is an urgency to inform the public concerning actual or alleged Federal Government activity.  *See Landmark Legal Found. v. E.P.A.*, 910 F. Supp. 2d 270, 275 (D.D.C. 2012).  As the Court has already determined, Plaintiff has not demonstrated that there exists a "compelling need" for expedited processing of its request.  Dkt. No. 42.  Even when a request does not qualify for expedited processing, a court has the power to ensure that the agency is not delaying the processing and production of records in response to a FOIA request.  *See, e.g.*, *N. Y. Times Co. v. Def. Health Agency*, 2021 WL 1614817, at *11 (D.D.C. Apr. 25, 2021) (denying expedited processing and noting that claim would "proceed in the normal course, with judicial supervision of defendants' progress in processing . . . ensuring that the agency continues to exercise due diligence in doing so"); *Day Laborer*, 236 F. Supp. 3d at 818–20 (denying expedited processing but ordering defendants to produce records more quickly than defendants had proposed); *Treatment Action Grp*, 2016 WL 5171987, at *12 (denying expedited processing but requiring agency to immediately produce responsive records it had gathered thus far and report on when it could complete production).

      However, when a court orders one request to move to the head of the queue, it necessarily results in another, perhaps more time-sensitive request being moved further back in the queue.  *See Open America*, 547 F.2d at 615 ("If any request for information can be the subject of a court order to the agency to place the request in a priority position, without any showing in court of urgency or exception need, then these court-ordered cases will take their places along with those court-ordered cases in which genuine urgency and need have been shown.  The result will be that not only similar, prior, non-urgent requests will be displaced; even those requests with an urgent need will be unable to get to the head of the line, because of the crowd of miscellaneous requests

7

already placed there by court order without any showing of urgency or need whatsoever"); *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001) ("an unduly generous approach would also disadvantage those requestors who do qualify for expedition, because prioritizing all requests would effectively prioritize none").

Plaintiff here does not complain about the speed with which Defendant is processing and producing documents. Defendant has committed to process records at approximately 500 pages a month. Dkt. No. 18 at 2. Such a rate is fairly standard. *See, e.g.*, *Radar Online LLC v. Fed. Bureau of Investigation*, 692 F. Supp. 3d 318, 333 (S.D.N.Y. 2023) (FBI produced documents at rate of 500 pages per month per stipulation with plaintiff); *N.Y. Times Co.*, 2022 WL 1547989, at *2 (ordering processing of 500 pages every 60 days); *Haitian Bridge Alliance v. U.S. Dep't of Homeland Sec.*, 2024 WL 476304, at *11 (S.D.N.Y. Feb. 7, 2024) (reasonable for various agency defendants to produce documents at rates of 400, 500 and 750 pages per month); *see also Am. Civil Liberties Union v. U.S. Dep't of Homeland Sec.*, 2021 WL 5449733, at *1 (S.D.N.Y. Nov. 19, 2021) ("Courts have issued orders providing for the processing of 500 pages per month, even where that schedule will result in lengthy production periods.") (citing cases). Plaintiff states that "Rolling Stone is not asking the Court in this motion to order FBI to process responsive records at any particular rate, nor is it even asking the Court to deny an FBI motion for leave to proceed at its standard 500 pages/month rate." Dkt. No. 25 at 4. Accordingly, Plaintiff's letter makes no complaint for which the Court can grant relief.

The motion is DENIED.  The Clerk of Court is respectfully directed to close Dkt. No. 25.

SO ORDERED.

Dated: August 19, 2024
      New York, New York

                                              LEWIS J. LIMAN
                                       United States District Judge